IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

CHESTER LOWE HUFF                    §
    TDCJ-CID #582855             §
v.                                   §                    C.A. NO. C-10-225
                                     §
WARDEN CRITES, ET AL.                §

## OPINION DISMISSING CERTAIN CLAIMS AND RETAINING ACTION

This civil rights action was filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pending is plaintiff's motion to state a claim for relief.  (D.E. 12).  Pending also is plaintiff's

motion to amend.  (D.E. 13).

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996),

any prisoner action brought under federal law must be dismissed if the complaint is frivolous,

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a

defendant immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.

Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or

proceeds as a pauper.  Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam);

Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam).  Plaintiff's pro se complaint

must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his

allegations must be accepted as true, unless they are clearly irrational or wholly incredible.

Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's claims of deliberate indifference to his serious

medical needs against McConnell Unit mental health providers Kimberly Bagnall, Sue

Alexander, Ms. McGinnis, and Ms. Maldonado as well as his claim against the Jester IV Unit

therapist, Kimberly Samuels are retained, and service shall be ordered on these individuals.

Plaintiff's remaining claims against the remaining defendants are dismissed for failure to state a claim or as frivolous pursuant to 28 U.S.C. § 1915(e)(2) (B) and § 1915A(b) (1).

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  Upon consent of the plaintiff, (D.E. 8), this case was referred to the undersigned United States magistrate judge to conduct all further proceedings, including entry of final judgment.  (D.E. 11); see also 28 U.S.C. § 636(c).

## II.  FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the McConnell Unit in Beeville, Texas.  He filed his original complaint on July 8, 2010, and named the following individuals as defendants: (1) Warden Crites; (2) Kimberly Bagnall; (3) Kimberly Samuels; (4) Captain Puente; (5) Ms. McGinnis; (6) Sue Alexander; (7) Cheri Lawson; (8) Kimberly Maldonado; (9) Lieutenant Muhammad; (10) Ms. Saenz; and (11) Sergeant Ortiz.  (D.E. 1).  A Spears[1] hearing was held on July 27, 2010, at which plaintiff was granted leave to amend his complaint to add five additional defendants: (12) Debra Gloor; (13) Tamara McCullough; (14) Ms. Sanchez; (15) M. Edison; and (16) Wiley Rodriguez.  The following allegations were made in plaintiff's original complaint, or at the hearing:

In September 2009, the Unit Chaplain advised plaintiff that his wife was terminally ill.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).  Plaintiff indicates that he has additional documentary evidence to support his medical claims.  (D.E. 12, at 5).  He may file that separately with the Court, or in conjunction with any briefing of a dispositive motion.

Plaintiff became distraught and contacted Ms. McGinnis, the director of mental health services at the McConnell Unit.  She assigned plaintiff to meet with a therapist, Ms. Bagnall, once a week.

On October 22, 2009, plaintiff complained to Ms. McGinnis that he was not receiving proper psychiatric care because Ms. Bagnall was not meeting with him weekly as ordered.

On November 22, 2009, plaintiff's wife passed away.  On November 23, 2009, at a meeting with Ms. Bagnall, Lieutenant Kempt and Captain Herrera, it was agreed that plaintiff should be sent to Jester IV Unit for inpatient mental health services.  The next day, however, Ms. Bagnall refused to send plaintiff to Jester IV Unit, telling him that he was "just going through a crisis," and that he would be prescribed medication for depression and receive crisis management counseling at the McConnell Unit.

On January 27, 2010 at approximately 11:00 a.m., plaintiff told Sergeant Ortiz that Ms. Bagnall had sent him to eat, and then he was to return to the infirmary for his mental health evaluation.  However, she had kept plaintiff's official lay-in pass.  Sergeant Ortiz ordered plaintiff to return to his cell.  He objected and said he had to see Ms. Bagnall because he was not thinking straight, and he asked Sergeant Ortiz to call mental health services.  Sergeant Ortiz refused to call mental health services and threatened to lock plaintiff up.

On February 22, 2010, Sue Alexander replaced Ms. Bagnall as plaintiff's therapist.[2]  She refused to give plaintiff lay-in passes for weekly counseling sessions.  Instead, she indicated that his chart was not properly documented and she did not think she could take him on as a new patient.

On April 16, 2010, plaintiff was transferred to Jester IV Unit for suicidal thoughts and

---

[2] According to plaintiff, Ms. Bagnall was investigated for smuggling cell phones and narcotics into the McConnell Unit, and ultimately, was terminated.

3

crisis management.  At the Jester IV Unit, he was evaluated by therapist Ms. Samuels, who pressed him to be more candid about his thoughts and problems.  During a counseling session, plaintiff told her that he sometimes thought about swinging a hoe at the field officer so that the officer would think he was trying to escape, and then kill him.  She misconstrued plaintiff's statements and advised prison officials that, when plaintiff got back to the McConnell Unit, he was going to try to escape.  On April 21, 2010, while still at the Jester IV Unit, Lieutenant Muhammad questioned plaintiff about his statements to Ms. Samuels, relating that Ms. Samuels reported that plaintiff had threatened to hit someone with a hoe.

Soon thereafter, plaintiff was sent back to the McConnell Unit.  On April 26, 2010, Ms. Maldonado advised plaintiff that a disciplinary case had been filed against him based on his statements made at the Jester IV Unit.  She refused to provide counseling services to plaintiff, despite his requests.

On May 5, 2010, a disciplinary hearing was held.  Captain Puente presided as the disciplinary hearing officer; Ms. Saenz was appointed counsel substitute to represent plaintiff at the hearing.  Plaintiff called Ms. Samuels to testify, but she could not recall much without his file.  The hearing was continued until May 12, 2010.  At the second hearing, plaintiff was permitted to call as a witness only the charging officer, Lieutenant Muhammad from the Jester IV Unit.  At the conclusion of the second hearing, plaintiff was found guilty of threatening the physical safety of others and the order of the institution.  As punishment, plaintiff lost 90 days good time credit, 15 days recreation restriction, and his classification was reduced from L2 to L3.

On May 14, 2010, plaintiff went before a Unit Classification Committee ("UCC") that

included Warden Crites and Ms. Sanchez.  Warden Crites questioned plaintiff as to why he told the Jester IV Unit therapist he wanted to escape.  Plaintiff objected asserting that the therapist had lied.  The UCC found that plaintiff should be housed in administrative segregation transit. Plaintiff appealed this classification arguing that he should be in general population, but Warden Crites denied his Step 1 grievance on this issue.

Plaintiff filed grievances complaining that he did not receive the mental health counseling that he needed.  Debra Gloor, a grievance investigator, denied his Step 1 grievances relating to mental health services.  Wiley Rodriguez refused to give extensions of time and failed to respond to plaintiff's grievances.  When he complained to Tamara McCullough about Mr. Rodriguez, she simply told him to submit his complaints to Mr. Rodriguez.  Grievance investigator M. Edison failed to investigate or respond to plaintiff's grievances.  On May 20, 2010, Ms. Lawson denied plaintiff's Step 2 grievances concerning his mental health care on the grounds that he had not attempted to resolve his issues through the informal grievance procedure.

Plaintiff claims that the mental health care providers failed to provide him with appropriate psychiatric services or counseling, in deliberate indifference to his serious medical needs.  He claims that the grievance investigators failed to properly investigate or resolve his claims.  He claims that he was denied his due process rights at the disciplinary hearing.  Finally, he claims that he was harassed and retaliated against for attempting to get mental health care. Plaintiff seeks damages, injunctive relief, a declaratory judgment, and that his May 12, 2010 disciplinary conviction be set aside.

## III.  DISCUSSION

**A.      Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies.  42 U.S.C. § 1997e(c)(2).  It is well established that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed.  Id. (citation omitted).

**B.      Plaintiff's Deliberate Indifference To Serious Medical Needs Claims Are Retained Except As To Sergeant Rodriguez.**

Plaintiff claims that Ms. McGinnis, Kimberly Bagnall, Sue Alexander, and Kimberly Maldonado denied him appropriate mental heath services at the McConnell Unit when they knew he needed such counseling due to his wife's passing and his related depression.  He claims that Kimberly Samuels denied him appropriate mental health services while he was at the Jester IV Unit.  He claims that Sergeant Ortiz denied him medical services when he refused to let plaintiff return to a counseling session and instead forced him to go to his cell.

In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege the officials acted with deliberate indifference to serious medical needs.  Estelle v.

6

Gamble, 429 U.S. 97, 105 (1976); Wilson v. Seiter, 501 U.S. 294, 303 (1991); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference is more than mere negligence. Id. at 835. To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, to state a claim of deliberate indifference for purposes of surviving § 1915A screening, plaintiff must allege that defendants were: (1) aware of specific facts from which the inference could be drawn that a serious medical need exists; and (2) perceiving the risk, defendants deliberately failed to act. Id.

Furthermore, negligent medical care does not constitute a valid § 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); see also Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("It is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim."). As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). Finally, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered. See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999); Mendoza, 989 F.2d at 195; Varnado, 920 F.2d at 321. "Deliberate indifference is an extremely high standard to meet." Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

Plaintiff claims that the mental health care defendants were aware of his need for mental counseling because he repeatedly asked them for help. Indeed, Ms. McGinnis must have agreed with the assessment that plaintiff needed counseling because in September 2009, she assigned

him to meet weekly with Ms. Bagnall.  Thereafter, plaintiff complained to Ms. McGinnis that Ms. Bagnall was not doing her job properly because she was not meeting with him weekly.  In February 2010, Ms. Alexander replaced Ms. Bagnall, but she refused to meet plaintiff weekly telling him that her case load was too full.  Thereafter, he was sent to the Jester IV Unit with thoughts of suicide, but while there, Ms. Samuels only met with him on two days and she reported him for threatening to escape.  When he returned to the McConnell Unit, Ms. Maldonado advised him that he was given a disciplinary case due to his statements to Ms. Samuels, but she refused to provide him with counseling.

For purposes of § 1915A, plaintiff has stated sufficient facts to establish that these defendants, Ms. McGinnis, Ms. Bagnall, Ms. Samuels, Ms. Maldonado, and Ms. Alexander, were aware of plaintiff's need for counseling but failed to deliver timely and appropriate services.  Therefore, plaintiff's deliberate indifference claims against these individuals are retained.

However, as to Sergeant Ortiz, plaintiff testified that on January 27, 2010, he left Ms. Bagnall's office to go to eat.  He told Sergeant Ortiz that he needed to return to the infirmary after eating; however, he admits that he did not have a lay-in pass with him because Ms. Bagnall had the pass.  Although plaintiff claims that he told Sergeant Ortiz he was in need of mental health services, plaintiff's explanation alone, without a medical pass verifying that he was to return to the infirmary, is not sufficient evidence to find that Sergeant Ortiz was aware of a serious medical need of plaintiff's and then ignored that need.  Indeed, plaintiff did not claim that he had any past dealings with Sergeant Ortiz such that Sergeant Ortiz would have been aware of plaintiff's mental status or that he was attending counseling.

Thus, plaintiff fails to establish that Sergeant Ortiz was aware of a serious medical need and then denied him care.  Accordingly, plaintiff's deliberate indifference claim against Sergeant Ortiz is dismissed.

**C.     Plaintiff's Claims Related To His Disciplinary Hearing Fail To State A Claim.**

Plaintiff claims that his due process rights were violated when, based on his statements to Ms. Samuels at the Jester IV Unit, Lieutenant Muhammad charged him with attempting to escape, and later, at the McConnell Unit, he was found guilty of threatening physical injury and the order of the institution.  He claims that his counsel substitute, Ms. Saenz, was ineffective, and that Captain Puente denied him due process by not allowing him to call witnesses.

At the Spears hearing, plaintiff testified that, as a result of the disciplinary conviction, he lost good-time credits, his line class was reduced, and he was assigned to 15 days solitary confinement.  However, the punishments of a reduction in line class and solitary confinement do not present atypical, significant deprivations in which a state might create a liberty interest.  At most, those punishments are merely a change in the conditions of plaintiff's confinement and do not implicate due process concerns.  See Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

As to his loss of good time credits, a petition for a writ of habeas corpus is the appropriate vehicle in which to challenge a disciplinary proceeding that results in the loss of good time.  Kimbrell v. Cockrell, 311 F.3d 361, 362 (5th Cir. 2002) (stating that § 2254 is the "sole remedy for a prisoner's challenge to revocation of good-time credits").  Plaintiff testified that he intends to file a § 2254 proceeding to challenge the loss of good-time credits after he exhausts his administrative remedies on that claim.  Until plaintiff can demonstrate that the disciplinary case in which he lost good time has been set aside or reversed, he cannot maintain a

§ 1983 claim for damages arising from that loss.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Thus, plaintiff's due process claims against Lieutenant Muhammad and Captain Puente are dismissed for failure to state a claim.

Plaintiff also claims that his counsel substitute, Ms. Saenz, rendered ineffective assistance at the disciplinary hearing because she failed to call certain witnesses.  However, for purposes of § 1983, Ms. Saenz's actions as a counsel substitute are not under the color of state law, nor is plaintiff entitled to representation at a prison disciplinary hearing, such that his allegations against Ms. Saenz fail to state a constitutional violation.  See Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995) (counsel substitute does not act under the color of state law for purposes of § 1983).  Thus, plaintiff's claims against Ms. Saenz are dismissed for failure to state a claim or as frivolous.

**D.     Plaintiff's Claims Regarding The UCC Hearing And His Classification Fail To State A Claim.**

Plaintiff claims that Warden Crites and Ms. Sanchez violated his constitutional rights when they assigned him to administrative segregation following a UCC hearing instead of releasing him to general population.  These allegations, however, fail to raise a constitutional violation because prisoners have no protected liberty interest in their custodial classification. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988).  The Constitution "does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement."  Wilkerson v. Austin, 545 U.S. 209, 221 (2005) (citation omitted); see also Meachum v. Fano, 427 U.S. 215, 225 (1976) (no liberty interest arising from due process clause itself in transfer from low to maximum security prison because "confinement in any of the State's institutions is within the normal limits or range of custody

10

which the conviction has authorized the State to impose").

The fact that plaintiff was assigned to administrative segregation transit for six months does not state a constitutional violation.  Therefore, plaintiff's claims against Warden Crites and Ms. Sanchez are dismissed.

**E.     Plaintiff's Claims That Defendants Failed To Properly Investigate His Grievances Fail To State A Claim.**

Plaintiff claims that Debra Gloor, Tamara McCullough, M. Edison, and Mr. Rodriguez failed to properly investigate his grievances, and that Ms. Lawson wrongfully denied his Step 2 grievances holding that he did not attempt the informal resolution process, when he in fact did. However, even if true, these allegations fail to state a viable claim because a prisoner has no constitutional right to have his grievances investigated or answered favorably.  See Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005) (per curiam); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) ("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause") (citations omitted); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("the constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state") (citations omitted).

Plaintiff's allegations regarding inadequate grievance investigations fail to state a cognizable constitutional claim.  Accordingly, his claims against these defendants are dismissed.

**F.     Plaintiff's Claims Of Harassment By Various Defendants Fail To State A Claim.**

Plaintiff charges that Warden Crites, Ms. Sanchez, Captain Puente, Ms. Maldonado, Lieutenant Muhammad, Mr. Rodriguez, and Sergeant Ortiz harassed him concerning his need for, and attempts to receive, mental health care.  However, even if defendants engaged in such unprofessional behavior, this conduct, in and of itself, does not amount to a constitutional

11

violation.  See Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993).  In addition, even if the

harassment caused plaintiff to suffer mental anguish, he is not entitled to damages unless he has

more than a *de minimis* physical injury.  See 42 U.S.C. § 1997e(e); accord Kossie v. Crain, 602

F. Supp. 2d 786, 792 (S.D. Tex. 2009).

Plaintiff has not alleged to have suffered any physical injury as the result of the

harassment.  Thus, plaintiff's harassment claims are dismissed for failure to state a claim and as

frivolous.

**G.      Plaintiff's Retaliation Claims Fail To State A Claim.**

At the Spears hearing, plaintiff claimed that the same defendants who harassed him did

so in retaliation for his seeking mental health services.

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific

constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her

exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188

F.3d 322, 324-25 (5th Cir. 1999) (citing McDonald v. Stewart, 132 F.3d 225, 231 (5th Cir.

1998)).  An inmate must allege more than his personal belief that he is the victim of retaliation.

Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted).  "Mere conclusory

allegations of retaliation will not withstand a summary judgment challenge." Woods v. Smith,

60 F.3d 1161, 1166 (5th Cir. 1995).  The Fifth Circuit has explained that an "inmate must

produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of

events from which retaliation may be plausibly inferred.'" Id. (citation omitted).

The purpose of allowing retaliation claims pursuant to § 1983 is to ensure that prisoners

are not unduly discouraged from exercising their constitutional rights. Morris v. Powell, 449

F.3d 682, 686 (5th Cir. 2006) (citing Crawford-El v. Britton, 523 U.S. 574, 588 n.10 (1998)).

However, some acts, even though they may be motivated by retaliatory intent, are so *de minimis*

that they would not deter the ordinary person from further exercise of his rights.  Id.  Such acts

do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim.

Id.  For example, a job transfer from the commissary to the kitchen might be *de minimis*, while a

transfer to a more dangerous unit might constitute an adverse retaliatory act.  Id. at 687.

At the hearing, plaintiff was unable to offer any facts to suggest that a named defendant

had a motive to retaliate against him.  He did not claim that he had filed grievances against any

defendant, or had a history with a defendant that would support the "but for" causation necessary

to support a retaliation claim.  Indeed, when questioned as to why a particular defendant would

have cause to retaliate against him, plaintiff answered only that defendants harassed him.  Mere

conclusory allegations of retaliation will not suffice, and a prisoner must do more than allege his

personal belief that a defendant's actions were motivated by retaliation.  Jones, 188 F.3d at 325;

Woods, 60 F.3d at 1166.  Thus, plaintiff's allegations of retaliation are dismissed for failure to

state a claim.

## IV.  CONCLUSION

For purposes of § 1915A, plaintiff has adequately stated claims of deliberate indifference

to his serious medical needs against McConnell Unit defendants Ms. McGinnis, Kimberly

Bagnall, Sue Alexander, and Kimberly Maldonado, as well as against the Jester IV therapist,

Kimberly Samuels.  Accordingly, service will be ordered on these five individuals.

For the reasons addressed above, plaintiff's remaining claims against the remaining

defendants either fail to raise a constitutional violation or are frivolous.  Therefore, those claims

are dismissed with prejudice, except any habeas corpus claims plaintiff might allege, which are dismissed without prejudice.  28 U.S.C. § § 1915(e)(2)(B) and 1915A(b)(1).

Finally, plaintiff's motion to state a claim for relief, (D.E. 12), and plaintiff's motion to amend, (D.E. 13), are granted in part and denied in part consistent with this opinion.

ORDERED this 29th day of July 2010.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

14