IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHESTER LOWE HUFF | § | |
|     TDCJ-CID #582855 | § | |
| v. | § | C.A. NO. C-10-225 |
| | § | |
| WARDEN CRITES, ET AL. | § | |

**OPINION AND ORDER DENYING MOTION TO AMEND COMPLAINT**

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding pro se, he filed a civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). Pending is plaintiff's motion seeking leave to amend his complaint to add a defendant. (D.E. 42).

On July 8, 2010, plaintiff filed this action against (1) Warden Kukua; (2) Kimberly Bagnall; (3) Kimberly Samuels; (4) Captain Puente; (5) Ms. McGinnis; (6) Sue Alexander; (7) Cheri Lawson; (8) Kimberly Maldonado; (9) Lieutenant Muhammad; (10) Ms. Saenz; and (11) Sergeant Ortiz. (D.E. 1). On July 29, 2010, his claims of deliberate indifference to serious medical needs against defendants Bagnall, Alexander, McGinnis, Maldonado and Samuels were retained. (D.E. 15). All of his other claims against all other defendants, including challenges to prison disciplinary hearings and investigations, and claims of harassment and retaliation, were dismissed. Id. Defendants filed an answer on September 27, 2010. (D.E. 38).[1]

The Federal Rules of Civil Procedure provide that "[a] party may amend its pleading once as a matter of course if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). Though plaintiff filed within the permissible time period, he had already amended his complaint. (D.E.

---

[1] Defendant Bagnall is no longer employed by the University of Texas Medical Branch and has not yet filed an answer. (D.E. 39).

34, 36). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Because plaintiff amended his pleading once by right, and because the defendants have not offered their consent, he requires the Court's leave to amend a second time.

Determining when justice requires permission to amend rests within the discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) (citation omitted); Little v. Liquid Air. Corp., 952 F.2d 841, 846 (5th Cir. 1992) (citations omitted). The granting of such leave is not automatic. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. Unit A July 1981) (citing Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (per curiam)). In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, the "futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Stripling v. Jordan Prod. Co., 234 F.3d 863, 872-73 (5th Cir. 2000) (amendment should be denied if futile).

An amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted." Stripling, 234 F.3d at 873 (citations omitted). The same standard applies in this context as in that of motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); id. Consequently, when the Supreme Court revisited the standard for Rule 12(b)(6), it also revisited the standard for futility in motions to amend. See Fenghui Fan v. Brewer, No. 09-20430, 2010 WL 1811878, at *1 (5th Cir. May 5, 2010) (per curiam) (unpublished). In other words, the amended complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level,

... on the ASSUMPTION THAT ALL THE allegations in the complaint are true (even if doubtful in fact)...." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted) (capitalization in original). The claim to relief must be plausible, rather than just conceivable. Id. at 570.

Under that standard, the amendment is futile. Plaintiff's proposed amended complaint accuses Karen Humphreys, a prison administrative employee, of depriving him of due process and of harassment. (D.E. 42, at 1). His principal allegation is that Ms. Humphreys withheld from him a page of his medical records which he requested so that he could file it as evidence in this action. Id. He further alleges that she treated him abusively by deliberately misleading him about the document and speaking sarcastically to him. Id. Treating these factual allegations as true, they do not rise to the level of constitutional violations.

First, construing his motion liberally, it appears that plaintiff, based on the withholding of the single missing page, is asserting a constitutional claim for retaliation in response to his complaints. However, he nowhere adduces facts that might support the proposition that Ms. Humphreys was in any way affected by the complaints. He therefore fails to establish a retaliatory intent, a necessary element for a retaliation claim pursuant to § 1983. Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999) (per curiam) (citing McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998)).

Furthermore, even acts motivated by retaliatory intent can fail to give rise to § 1983 claims where they "are so *de minimis* that they would not deter the ordinary person from further exercise of his rights." Morris v. Powell, 449 F.3d 682, 686 (5th Cir. 2006) (citing Crawford-El v. Britton, 523 U.S. 574, 588 n.10 (1998)). The only injury plaintiff complains of suffering is the financial loss he incurred as a result of paying for a page he never received. (D.E. 42, at 3).

That loss apparently amounted to ten cents.  Id. at 5.  A monetary loss of such a paltry amount is *de minimis*.  The other conceivable injury that might have flowed from the missing page could be damage to plaintiff's case in this action.  This is, however, too speculative to justify an amendment, given that the document in question provided the medical reasoning to support Plaintiff's release from care.  (D.E. 35, at 2-3).  Plaintiff is challenging that decision, and the missing page is thus unlikely to provide significantly helpful information to his claim.  Moreover, the medical reasons for the release, and plaintiff's reasons for disputing it, appear sufficiently clear from the current record.  In any event, plaintiff does not present any explanation of why or how this missing page might influence the outcome of his action, or how it might injure him in any other way.  Nor does he provide any legal support for his position.  For these reasons, plaintiff's retaliation claim against Ms. Humphreys is, at most, a "conclusory allegation[] of retaliation" and thus does not state a claim.  Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Plaintiff's claim against Ms. Humphreys for "harassment" likewise fails to state a claim.  The only factual allegation he cites to substantiate the claim is that she employed sarcastic language when dealing with his requests.  (D.E. 42, at 7).  Verbal abuse is not actionable pursuant to § 1983.  Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (citation omitted).  Plaintiff's allegations of harassment therefore fail to state a claim.

Finally, plaintiff concedes that he has not filed his complaints against Ms. Humphreys through the prison grievance system.  (D.E. 42, at 4).  An amendment seeking to add a defendant can be considered futile if the claims against that defendant would ultimately be dismissed for failure to exhaust administrative remedies.  See Noland v. Garfield Cnty. Det. Ctr., No. CIV-07-494-F, 2009 WL 5067206, at *11 (W.D. Okla. Dec. 15, 2009) (unpublished) (inmate challenging

psychiatric treatment in prison health facility in § 1983 action).

Accordingly, plaintiff's motion seeking leave to amend, (D.E. 42), is DENIED.

ORDERED this 1st day of October 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE